UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PETER CASTRO,<br><br>          Plaintiff,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Defendant. | Case No. 14-cv-01539 NC<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 7 |

Defendant JPMorgan moves to dismiss plaintiff Peter Castro's breach of contract claim without leave to amend, or in the alternative, for a more definite statement. Because plaintiff has not alleged sufficient facts supporting the existence of a contract, the Court finds that the complaint fails to state a claim, and therefore grants the motion to dismiss the complaint under Rule 12(b)(6) with leave to amend. The Court denies as moot the motion for relief under Rule 12(e).

## I.     BACKGROUND

**A.     Alleged Facts**

On January 28, 2012, plaintiff Peter Castro, who has a deposit account with defendant JPMorgan Chase Bank N.A., went to the Southgate Branch of JPMorgan in Daly

City, California and spoke with a bank representative regarding the deposit of a $500,000.00 check. *Dkt. No. 1-1* at ¶¶ 7-8. Castro advised the representative that he was concerned about the sufficiency of funds in the account of the payor, also a JPMorgan customer. *Id.* at ¶ 8:15-16. Castro requested that the funds of the payor be held for payment of his check. *Id.* at ¶ 8:17-18. JPMorgan "agreed, instructed and represented" to Castro that "they would take care of it and that there would be sufficient funds to cover" Castro's check. *Id.* at ¶ 8:18-20. On the same day, Castro deposited the check into his account, as allegedly instructed by JPMorgan. *Id.* at ¶ 8:20-21. Castro alleges that there were sufficient funds in the payor's account at the time Castro made the deposit on January 28, 2012, *id.* at ¶ 9, but JPMorgan failed to immediately debit the funds or place a hold on the funds in the payor's account. *Id.* at ¶ 12:10-13. On February 1, 2012, the $500,000 check was returned for insufficient funds and the $500,000 was taken out of Castro's account by JPMorgan. *Id.* at ¶ 10. Castro alleges JPMorgan "neglected and failed to pay plaintiff CASTRO the $500,000 in beach [sic] of its contractual and fiduciary obligations, and in breach of the implied covenant of good faith and fair dealing." *Id.* at ¶ 31.

**B.  Procedural History**

On January 27, 2014, Peter Castro filed a complaint in the San Mateo County Superior Court, alleging 1) negligence, 2) intentional misrepresentation, 3) negligent misrepresentation and 4) breach of contract. Dkt. No. 1 at ¶ 1; Dkt. No. 1-1 at 2.

JPMorgan filed a Notice of Removal on April 3, 2014. Dkt. No. 1 at ¶ 2. On April 8, 2014, JPMorgan filed a motion to dismiss the breach of contract claim without leave to amend, or in the alternative, a motion for more definite statement on the breach of contract claim, on the grounds that Castro has failed to allege the existence of a contract with sufficient specificity, and has failed to set forth the terms of the purportedly breached contract. Dkt. No. 7.

**C.  Jurisdiction**

The Court has original jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b). This Court has jurisdiction under 28 U.S.C. § 636(c), as both parties have consented to

Case No. 14-cv-01539 NC
ORDER GRANTING MOTION TO                2
DISMISS WITH LEAVE TO AMEND

proceeding before a magistrate judge. Dkt. Nos. 9, 10.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). While a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff Castro alleges that defendant JPMorgan breached the contract "by . . . fail[ing] to pay" him the $500,000 that he deposited in the form a check, "in beach [sic] of its contractual and fiduciary obligations[] and . . . the implied covenant of good faith and fair dealing." Dkt. No. 1-1 at ¶ 31. The law of the place where a contract was made determines questions related to its validity. *See Air Transp. Assocs. v. United States*, 221 F.2d 467, 472 (9th Cir. 1955); *Mercantile Acceptance Co. v. Frank*, 203 Cal. 483, 485 (1928). Here, the alleged contract was made in California and is thus governed by California law. The elements of a breach of contract claim under California law are "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages." *First Commercial Mortgage. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001).

Under Federal Rule of Civil Procedure 8(a), the complaint must state a claim with sufficient particularity to "give the defendant fair notice of what the . . . claim is and the ground upon which it rests." *ExxonMobil Oil Corp. v. Gasprom, Inc.*, 462 F. App'x 737, 738 (9th Cir. 2011) (citation and internal quotations omitted) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)). Here, the complaint alleges that Castro performed by depositing the $500,000 check, Dkt. No. 1-1 at ¶ 8:20-22, and that JPMorgan breached by "fail[ing] to pay" Castro $500,000. *Id.* at ¶ 31. The complaint also states damages arising from the purported breach of contract. *See id.* at ¶ 32. But the complaint fails to give JPMorgan sufficient notice of its breach of contract claim by being vague as to whether the contract was oral, written or implied by conduct, what the consideration was and what the terms of the contract were.

To allege a breach of contract claim, the complaint must indicate on its face whether the contract is written, oral, or implied by conduct. *See* Cal. Civ. Proc. Code § 430.10(g); *Otworth v. S. Pac. Transp. Co.*, 166 Cal. App. 3d 452, 458-59 (1985). The complaint fails to do so. *See* Dkt. No. 1-1 at 9.

Additionally, in an oral contract, consideration must be pleaded. *Acheson v. W.U. Tel. Co.*, 96 Cal. 641, 644 (1892). Here, the complaint fails to plead consideration with enough specificity. Although the complaint includes a statement that JPMorgan "made the representations with the intent to induce plaintiff CASTRO to deposit said check . . . which was to defendant CHASE's [sic] financial benefit[,]" the existence of consideration cannot be ascertained from this statement alone. Dkt. No. 1-1 at ¶ 19. Because this statement was made in the context of alleging the intentional misrepresentation claim, it is unclear whether the financial benefit was alleged to argue that JPMorgan had a motive for intentionally misrepresenting Castro, or that consideration existed. *See id.* To allege that financial benefit was consideration, Castro must specify the manner in which JPMorgan received financial benefit from the alleged contract.

Further, Castro fails to allege the terms of the contract. *See* Dkt. No. 7 at 7:14-15. A contract should be pleaded verbatim or according to its legal intent and effect. *Scolinos v.*

*Kolts*, 37 Cal. App. 4th 635, 640 (1995) (citing *Wheeler v. West*, 71 Cal. 126, 128 (1886)). An oral contract may be pleaded generally as to its effect, because it is rarely possible to allege the exact words. *Id.* (citing *Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 616 (1993)). Nevertheless, the complaint here is too unclear even to infer its effect. The complaint states that in response to Castro's request that "the funds from the maker's account be held for payment of this check by defendant[,]" JPMorgan "agreed[] . . . that they would take care of it and that there would be sufficient funds to cover [the] check." Dkt. No. 1-1 at ¶ 8:17-22. The complaint also states that JPMorgan failed to pay the $500,000 "in beach [sic] of its contractual . . . obligations[.]" *Id.* at ¶ 31. These statements, however, are confusing as to whether the terms of the contract included JPMorgan's promise to pay Castro $500,000 or whether they were limited to JPMorgan's promise to hold money.

Because Castro has failed to allege the existence of the contract, his allegation of the breach of implied covenant of good faith and fair dealing also fails. "California law . . . provides that a covenant of good faith and fair dealing is an implied term in every contract." *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 996 (9th Cir. 2002) (citing *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2 Cal. 4th 342, 371 (1992)). Any action for breach of the implied covenant requires the existence of a contract. *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 525 (2013) (citation omitted). "The scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc.*, 2 Cal. 4th at 373. Without establishing the existence of a contract, Castro may not allege a breach of implied covenant of good faith and fair dealing.

Although the complaint does not sufficiently allege a breach of contract claim, the Court finds that the pleading can be cured by amendment, as suggested by the inclusion of additional information in Castro's opposition to JPMorgan's motion to dismiss. *See* Dkt. No. 11. Accordingly, the Court grants the motion to dismiss with leave to amend. The amended complaint must allege facts indicating whether the contract was oral, written or

implied by conduct, what the consideration was and what the terms of the contract were. Additionally, Castro may also allege a breach of implied covenant of good faith and fair dealing, if he can establish the existence of a contract.

## IV.   CONCLUSION

For the foregoing reasons, the Court grants the motion to dismiss the breach of contract claim with leave to amend.  In light of the Court's granting of JPMorgan's motion to dismiss, JPMorgan's alternative request for a more definite statement under Federal Rule of Civil Procedure 12(e) is denied as moot.

IT IS SO ORDERED.

Date: June 30, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge